UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TERFLINGER, | No. 2:17-cv-0902 AC P |
| Plaintiff, | |
| v. | ORDER |
| B. WILEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The U.S. Marshal has accomplished service of process on defendants Wiley and Stewart. ECF Nos. 21, 22. Currently before the court are plaintiff's motion for appointment of counsel (ECF No. 20) and defendants' motion for an extension of time to respond to the complaint (ECF No. 23).

The court has determined that this case would benefit from an early settlement conference. Additionally, in light of the circumstances alleged in plaintiff's motion for counsel (ECF No. 20), the court finds that the appointment of counsel for the limited purpose of representing plaintiff at the settlement conference is warranted. As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim. ECF No. 13. Thus, the court will stay this action for a period of 120 days so that counsel can be appointed and to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference. Defendants'

1

obligation to respond to the complaint will be stayed during this time and no defenses or objections shall be waived by their participation in a settlement conference.[1]

Although the court believes that this case would benefit from an early settlement conference, if, after investigating plaintiff's claims, speaking with plaintiff's counsel, and after conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of the settlement conference.

By filing the attached notice within thirty days of the appointment of counsel for plaintiff, the parties shall notify the court whether they waive disqualification for the undersigned to hold the settlement conference or whether they request a different judge. Plaintiff's counsel shall also indicate the preference for plaintiff to appear in person or by videoconference, if available. Failure to timely file such notice will result in the case being set for settlement conference before a different judge.

Once the settlement judge has been determined, the parties will be directed to contact the appropriate Courtroom Deputy to schedule the settlement conference. If difficulties arise in scheduling the settlement conference due to the court's calendar, the parties may seek an extension of the initial 120-day stay.

Once the settlement conference is scheduled, at least seven days prior to the conference, the parties shall submit to the assigned settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statement shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 20) is granted to the extent

---

[1] If the case does not settle, the court will set a date for the filing of a responsive pleading at the conference or shortly thereafter.

2

that counsel will be appointed for the limited purpose of representing plaintiff at the settlement conference. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept this appointment, for the purpose of representing plaintiff at the settlement conference.

2. Defendants' motion for an extension of time to file a responsive pleading (ECF No. 23) is denied as moot.

3. This action is stayed for 120 days so that counsel can be appointed to represent plaintiff at the settlement conference and to allow the parties an opportunity to settle their dispute before a responsive pleading is filed or the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

4. Within thirty days from the appointment of counsel for plaintiff, the parties shall file the attached notice, informing the court whether they waive disqualification for the undersigned to hold the settlement conference or whether they choose to have the settlement conference held by a different judge.

5. Upon receipt of the parties' completed notices, a further order shall issue directing the parties to contact the appropriate Courtroom Deputy to schedule the settlement conference.

6. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the judge assigned for settlement.

7. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

////
////
////
////

8. The parties remain obligated to keep the court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

DATED: August 21, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TERFLINGER,<br><br>        Plaintiff,<br><br>v.<br><br>B. WILEY, et al.,<br><br>        Defendants. | No. 2:17-cv-0902 AC P<br><br>NOTICE RE: JUDGE ELECTION FOR SETTLEMENT CONFERENCE |

1. As required by court order, the parties notify the court of the following election:

    \_\_\_\_ Pursuant to Local Rule 270(b) of the Eastern District of California, the party signing below affirmatively requests that the assigned Magistrate Judge participate in the settlement conference and, further, waives any claim of disqualification of the assigned Magistrate Judge on that basis thereafter. This waiver is not to be construed as consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1).

        **OR**

    \_\_\_\_ The party signing below requests that a different judge hold the settlement conference.

    **AND**

2. Plaintiff indicates his preference by checking one:

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference in person.

    **OR**

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference by video conference.

DATED:

                                                          _____
                                                          Counsel for Plaintiff/Defendants (circle one)