UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TERFLINGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. WILEY, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0902 AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding through limited appointment counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On January 30, 2020, this matter came before the court for a status conference regarding the appointment of a guardian ad litem for plaintiff for purposes of further settlement proceedings. In closed session, with counsel for both plaintiff and defendant present, the undersigned heard from the proposed guardian ad litem regarding his safety concerns and request to be identified as John Doe. Having made a sufficient showing, and counsel for both parties being aware of the potential guardian ad litem's identity and having no objections, the request to be identified as John Doe was granted. In open court, Mr. Doe advised that he understood the responsibilities of a guardian ad litem and was both willing and able to take on those responsibilities for the purpose of further settlement proceedings in this case.

In appointing a guardian ad litem, the court is required to take into account "all factors relevant to the protection of the [incompetent's] interests when selecting a guardian ad litem, but

1

need not look to the procedures specified in the state law." Gibbs ex rel. Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 129 (3rd Cir. 2002). Having already found appointment of a guardian ad litem to be warranted, ECF No. 52, and considering the procedural posture and history of this case, as well as the willingness and suitability of Mr. Doe to serve, the undersigned finds good cause to appoint John Doe as plaintiff's guardian ad litem for purposes of a settlement conference. Since a non-attorney guardian ad litem must be represented by counsel in this action, Johns v. County of San Diego, 114 F.3d 874, 876-77 (9th Cir. 1997) (citations omitted), as previously ordered, Lori Rifkin's limited purpose appointment shall include representing Mr. Doe at the settlement conference that will be set before Magistrate Judge Kendall J. Newman.

As guardian ad litem, Mr. Doe has the authority to receive medical information related to Mr. Terflinger from the California Department of Corrections and Rehabilitation. In order to protect his John Doe designation, such information shall be sent through or communicated to his attorney, Lori Rifkin.

Accordingly, IT IS HEREBY ORDERED that:

1. The request that the guardian ad litem be identified as John Doe and his identity kept confidential is granted.

2. John Doe is appointed to serve as guardian ad litem on plaintiff's behalf and may be contacted through counsel, Lori Rifkin.

3. This case will be set for a settlement conference before Magistrate Judge Kendall J. Newman. The court will contact the parties regarding the scheduling of the settlement conference.

4. The stay in this action is extended through completion of a settlement conference.

DATED: January 30, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE